## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 5063 | **DATE** | 5/18/2004 |
| **CASE TITLE** | James A. Zeidler vs. A & W Restaurants, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the renewed motion to dismiss filed by defendant Karen Long for lack of person jurisdiction [25-1], and we deny plaintiff's renewed motion to dismiss defendants' counterclaim [23-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 24 2004 date docketed | 33 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES A. ZEIDLER, )
)
    Plaintiff, )
) Case No. 03 C 5063
v. )
) Wayne R. Andersen
A&W RESTAURANTS, INC. and ) District Court
KAREN LONG, )
)
    Defendants. )

DOCKETED
MAY 2 4 2004

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the renewed motion of Defendant Karen Long to dismiss Plaintiff James Zeidler's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Also before the Court is Plaintiff's renewed motion to dismiss Defendants' counterclaim. For the following reasons, Defendant Long's motion to dismiss for lack of personal jurisdiction is granted, and Plaintiff's motion to dismiss Defendants' counterclaim is denied.

## BACKGROUND

On July 10, 1996, Plaintiff entered into a written License Agreement with A&W Restaurants, Inc. ("A&W") pursuant to which Plaintiff was granted a license to operate an A&W Restaurant at 1156 East Irving Park Road in Streamwood, Illinois. In September of 1998, Plaintiff advised A&W that he intended to either sell, lease or close his restaurant. Plaintiff closed his restaurant in September, 1999, indicating that he would like to re-open it at some

point. Plaintiff never re-opened the restaurant, and on March 15, 2001, A&W sent Plaintiff a letter notifying him of the termination of Plaintiff's franchise.

Plaintiff then filed this action alleging that A&W and Karen Long, one of the in-house attorneys at A&W, wrongfully terminated his franchise. The First Amended Complaint alleges causes of action for violation of the Illinois Franchise Disclosure Act ("IFDA") and breach of contract.

## DISCUSSION

### I. Motion To Dismiss For Lack Of Personal Jurisdiction

Defendant Karen Long has moved to dismiss the case against her for lack of personal jurisdiction. When a defendant files a motion to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction over the defendant. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In assessing such a motion, the allegations in the complaint are to be taken as true unless controverted by a defendant's affidavit, and any conflicts are to be resolved in favor of plaintiff. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

This Court has jurisdiction over a defendant if an Illinois state court would have jurisdiction. See Fed.R.Civ.P. 4(k)(1)(A). Illinois' long arm statute stretches to the extent permitted by the due process clauses of the United States and Illinois Constitutions. 735 ILCS 2/2-209(c). Under the federal due process clause, jurisdiction is proper when the defendant has sufficient contacts with the forum state such that he has "fair warning" that based on his conduct and connection with that state, he reasonably should anticipate being sued there. *Burger King Corp. v. Rudziewicz*, 471 U.S. 462, 472-75 (1985). Due process requires that the contacts

"proximately result from actions by the defendant [himself] that create a 'substantial connection' with the forum State" *Id.* at 475.

Though the IFDA permits a franchisee to sue individual officers of a franchisor, *To-Am Equipment Co. v. Mitsubishi Caterpillar Forklift America*, 913 F. Supp. 1148, 1151-54 (N.D.Ill.1995), it is a separate question whether this Court has personal jurisdiction over Karen Long, who does not live or work in Illinois. The sole Illinois contact of defendant Long ( an A & W vice president and in-house attorney) that Plaintiff has identified is that: 1) she advised Plaintiff, in a telephone call which Plaintiff placed to A&W, that she had told A&W personnel that "all calls from Plaintiff were to be forwarded to her in the legal department;" and 2) she sent Plaintiff, on January 23, 2003, a facsimile communication . . . disclaiming any rights of A&W in Plaintiff's property.

We do not believe that the facts alleged are sufficient to confer personal jurisdiction over Ms. Long in this Court. While the Complaint references numerous telephone calls, the Complaint also makes clear that the telephone calls at issue were made by Plaintiff. The Complaint alleges that "[b]eginning in January 2001, Plaintiff made numerous telephone calls to A&W. . . . Plaintiff was informed that at the direction of Defendant, Karen Long, all calls from Plaintiff were to be forwarded to Defendant Long in the legal department." It is well settled that a plaintiff's actions are of no consequence in determining whether the exercise of personal jurisdiction is warranted. *See Coca-Cola Co. v. A. Epstein & Sons Int'l, Inc.*, 411 N.E.2d 917, 922 (Ill.App.1st Dist. 1980). The only matters of consequence in assessing whether a court may exercise jurisdiction over a non-resident defendant are the actions (if any) which the non-resident defendant has taken in the forum state. *Stephens v. Northern Indiana Public Serv. Co.*, 409

3

N.E.2d 423, 427 (Ill.App. 1st Dist 1980). Accordingly, the fact that Plaintiff made numerous phone calls to A&W is an insufficient basis for this Court's exercise of jurisdiction over Ms. Long. The fact that in one of those conversations, Ms. Long advised Plaintiff that she told A&W personnel that all calls from Plaintiff were to be forwarded to her is an insufficient basis to confer personal jurisdiction over Ms. Long.

Likewise, the letter which Ms. Long sent or faxed to Plaintiff is an insufficient basis for the exercise of jurisdiction. First, the letter at issue was only sent in response to a letter which Plaintiff had sent to A&W. In order to constitute the "transaction of business" within this State and, thus, bring a nonresident within the jurisdiction of the Illinois courts, a defendant must voluntarily seek the benefits and protections of the laws of this State." *E.A. Cox Co. v. Road Savers Int'l Corp.*, 648 N.E.2d 271, 275 (Ill.App. 1st Dist. 1995). Ms. Long's sending of a single letter, in response to a contact which she did not initiate, falls far short of this standard. *See McBreen v. Beech Aircraft Corp.*, 543 F.2d 26, 30 (7th Cir. 1976).

Second, even if this letter constituted a contact sufficient to support the exercise of jurisdiction, there is no causal connection between the letter and Plaintiff's claims. "While even a single transaction may suffice for jurisdiction," that transaction must "give rise to the cause of action." *Dilling v. Sergio*, 635 N.E.2d 590, 594 (Ill.App. 1st Dist. 1994). Plaintiff's claim is premised on his assertion that A&W wrongfully terminated his franchise in March of 2001. Ms. Long's letter–which actually concerns A&W's claim for damages incurred as a result of Plaintiff's abandonment of his franchise–was written 10 months after the "termination" supposedly took place. Clearly, that letter did not give rise to Plaintiff's cause of action.

As noted above, "jurisdiction is to be asserted only when it is fair, just and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d at 1316. The sending into this State of a single letter, especially when that letter was signed on behalf, and as a representative of, A&W falls far short of this standard. *See Cherry Communications, Inc. v. Coastal Tel. Co.*, 906 F. Supp. 452, 455 (N.D. Ill. 1995).

Moreover, even had Plaintiff established a valid basis for exercising jurisdiction over Ms. Long, the facts of this case do not allow Plaintiff to clear the hurdles imposed by Illinois law. Illinois follows the "fiduciary shield" doctrine, under which a non-resident's contacts with Illinois made pursuant to a fiduciary relationship (typically on behalf of an employer) do not subject the non-resident to jurisdiction in Illinois. *See Rollins v. Elwood*, 141 Ill.2d 244, 280, 565 N.E.2d 1302, 1308 (1990). When an individual defendant's conduct in Illinois "was a product of, and was motivated by, [her] employment situation and not [her] personal interests. . . it would be unfair to use this conduct to assert personal jurisdiction over [her] as an individual." *Rollins*, 565 N.E.2d at 1318.

In this case, Ms. Long is an in-house attorney for A&W. Her contacts with this State were neither discretionary nor motivated by any personal interest. To the contrary, to the extent Ms. Long had any contacts with the State of Illinois, those contacts were solely for the benefit of A&W, her employer. Plaintiff has shown nothing that suggests that either of the possible exceptions to the fiduciary shield doctrine applies. *See generally Jones v. Sabis Educational*

5

*Systems, Inc.*, 52 F.Supp.2d 868, 884 (N.D.Ill.1999). For these reasons, the claim against Ms. Long is dismissed for lack of personal jurisdiction.

II. <u>Motion To Dismiss Counterclaim</u>

In its Counterclaim, A&W alleges claims for declaratory relief (Counts I and II) and a claim which seeks to compel Plaintiff to comply with his alleged post-termination obligations under the License Agreement (Count III). Plaintiff has moved to dismiss the counterclaim.

First, although not explicitly addressed by Plaintiff in his motion, we find that Counts I and II for declaratory relief adequately state a cause of action as alleged. Therefore, we deny the motion to dismiss the counterclaim as to Counts I and II.

Next, as to Count III, Plaintiff argues that he has already complied with the post-termination obligations alleged. Plaintiff attaches photographs which allegedly demonstrate that he has complied with the post-termination obligations. However, when ruling on a 12(b)(6) motion, the Court may not look to materials beyond the pleading itself. We must accept the truth of the matter alleged at this point in the litigation.

Plaintiff next argues that he did not receive proper notice of termination. However, again, this relies on allegations beyond the face of A&W's counterclaim. Finally, the fact that A&W did not avail itself of its right to come onto the premises and remove the trademarked items itself does not, in and of itself, cancel out Plaintiff's alleged failure to comply with post-termination obligations.

For all of these reasons, we find that A&W's counterclaim adequately alleges causes of action for declaratory relief and Plaintiff's failure to comply with post-termination obligations under the Agreement. Therefore, Plaintiff's motion to dismiss the counterclaim is denied.

## CONCLUSION

For the foregoing reasons, we grant the renewed motion to dismiss filed by Defendant Karen Long for lack of personal jurisdiction (# 25-1), and we deny Plaintiff's renewed motion to dismiss Defendants' counterclaim (# 23-1).

It is so ordered.

/ Wayne R. Andersen
United States District Judge

Dated: May 18, 2004